Katherine Conroy and Thomas M. Acken, as Executors, etc., of Margaret L. Kingsley, Deceased, Plaintiffs, *v.* The Equitable Trust Company of New York, Individually and as Successor Trustee under a Deed of Trust, Dated November 11, 1904, from Margaret L. Kingsley to the City Trust Company of New York, Defendant.

Supreme Court, New York Special Term, December, 1922.

Trusts — death of life tenant — unpaid dividends on stock — when remainderman entitled thereto.

A deed of trust provided that the trustees pay to the settlor during her life all the net income " and on her death to pay and deliver the whole principal sum or property to her daughter."

Plaintiffs claim that all unpaid dividends on certain stock forming part of the trust estate at the time of the death of the settlor became part of her estate and vested in them as her executors. *Held,* that upon the death of the settlor of the trust the stocks held in trust and all the income then due or that might thereafter accrue vested in the remainderman.

Action to recover moneys.

*John B. Doyle,* for plaintiff Conroy.

*Harrison Clark,* for plaintiff Acken.

*Murray, Prentice & Aldrich (Archer P. Cram* and *Charles E. Kimball, Jr.,* of counsel), for defendant The Equitable Trust Company of New York.

*John J. Kirby,* for Charlotte M. Kingsley.

Newburger, J. In November, 1904, one Margaret L. Kingsley deposited with the City Trust Company, the predecessor of the defendant, the Equitable Trust Company of New York, certain stock under an agreement which provided: " That Margaret L. Kingsley hereby grants, etc., to City Trust Company of New York 300 shares of the preferred capital stock of the United States Steel Corporation and 200 shares of the preferred capital stock of the Pittsburgh Coal Company of the par or face value of $50,000, upon the following trusts and conditions: To hold the same and the proceeds thereof, and the substitutes therefor, during the lifetime of said Margaret L. Kingsley, and after paying the expenses of the trust to pay over to the said Margaret L. Kingsley the net interest or income thereof each and every year during her lifetime in monthly payments, beginning on the first day of December, 1904, and continuing so long as said Margaret L. Kingsley shall live, and on her death to pay and deliver the whole principal sum or property aforesaid to her daughter, Charlotte M. Kingsley, or

to her heirs, executors and administrators. And this indenture further witnesseth: That the said Trust Company of New York, with the consent of the said Margaret L. Kingsley, may at any time sell the said securities and with the proceeds thereof purchase other securities which it shall then substitute in the place and stead of the securities hereby assigned and transferred to it." Margaret L. Kingsley died March 8, 1916. During her life the defendant trust company paid to her the income derived from the trust. Margaret L. Kingsley left a will, which was admitted to probate on November 1, 1919, and plaintiffs qualified as executrix and executor. The trustee in 1916 turned over to the guardian of Charlotte M. Kingsley, the remainderman referred to in the trust agreement, all the trust property. It is now claimed on the part of the plaintiffs that all unpaid dividends on certain coal stock forming a part of the trust at the time of the death of Margaret L. Kingsley became a part of her estate and vested in them. I cannot agree with this contention. The provision of the trust that the trustee pay to Margaret L. Kingsley during her life all the net income, *and on her death to pay and deliver the whole principal sum or property to her daughter, Charlotte M. Kingsley, or to her heirs, executors or administrators,* is clear, and vested in Charlotte M. Kingsley immediately on the death of Margaret L. Kingsley not only the stocks referred to, but all the income then due or that might thereafter accrue, and the plaintiffs are not entitled to the same. We are not concerned in this proceeding whether or not the trust company erred in not joining in the reorganization of the coal company, as the defendant Charlotte M. Kingsley makes no claim against her codefendant, the trust company. The complaint must be dismissed on the merits. Settle findings and decree on notice.

Judgment accordingly.